```
1  OXANA GALKINA BANES
   PO Box 9766
2  Tamuning, Guam 96931
   (671) 689-2113
3
```

E-FILED
CNMI SUPERIOR COURT
E-filed: Oct 24 2011 12:17PM
Clerk Review: Oct 24 2011 12:18PM
Filing ID: 40506225
Case Number: 11-0257-FCD
Dora Deçena



# IN THE SUPERIOR COURT
# OF THE
# COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

| DAVID GEORGE BANES, | ) FCD-DI Civil Case No. 11-0257 |
|---|---|
| Plaintiff, | ) |
| vs. | ) ANSWER TO PETITION FOR DIVORCE AND |
| OXANA GALKINA BANES, | ) COUNTERCLAIM FOR DIVORCE |
| Defendant. | ) |

## ANSWER

COMES NOW Defendant and Counterclaim-Plaintiff OXANA GALKINA BANES Pro Se to state that I cannot find an Attorney admitted in the CNMI who is willing to assist me in this matter and am forced by order of this court to answer to Plaintiff DAVID GEORGE BANES' Petition for Divorce and therefore do so as follows:

1. Defendant denies that this court is vested with jurisdiction over this matter and is without jurisdiction over Defendant.

2. Defendant admits the allegations in paragraphs bearing the number preceding the paragraph which are denominated as, "2, 3, 4, and 7."

3. Defendant denies the remaining allegations of the Petition and all matters not admitted herein.

---

DAVID GEORGE BANES vs. OXANA GALKINA BANES
**Answer to Petition For Divorce and Counterclaim for Divorce.**                               Page 1

**EXHIBIT "C"**

4. Defendant affirmatively alleges that the date of separation of the parties was September 1, 2008.

5. Defendant affirmatively alleges that the reasons for allowing the parties a divorce are that Plaintiff engaged in extramarital relationships during our marriage and removed me from our home so he could move his then girlfriend into the home on September 1, 2008. I moved from the home due to the cruel treatment of Plaintiff. While there are irreconcilable differences between Plaintiff and Defendant, such reason should not form the basis for divorce as the other reasons existed before the irreconcilable differences arose.

6. Prior to the parties' marriage on the 27th day of March 2003, Plaintiff and Defendant entered into a "Prenuptial Agreement."

7. The Prenuptial Agreement between the parties required as a significant term thereof provided limits on Plaintiff's rights in and to a full share of the community property of the parties in exchange for creation of a "Marital Fund" to be paid to Plaintiff upon the cessation of the parties' marriage as set forth at the provisions starting with the number "4."

8. Despite Plaintiff's obligation to create the "Marital Fund" soon after the marriage of the parties, Plaintiff did not do so as promised and thereby breached the Prenuptial Agreement.

9. The court should rule that Defendant's breach of the Prenuptial Agreement should result in the court disregarding the Prenuptial Agreement and allowing Defendant to receive all relief as allowed by law.

---

DAVID GEORGE BANES vs. OXANA GALKINA BANES
**Answer to Petition For Divorce and Counterclaim for Divorce.**                                     Page 2

10. There is both known and unknown community property of the marriage which should be identified through discovery and divided by the court according to law.

11. Upon my information and belief, Defendant contends that there are no community debts of the marriage.

12. Defendant shall require spousal support from Plaintiff, the duration and amount of which should be determined according to proof at the time of trial.

13. Defendant should be allowed to be returned to her maiden name, to wit: "OXANA ANATOLEVNA GALKINA."

WHEREFORE, Plaintiff prays to this honorable court for the following relief:

14. Plaintiff be denied a divorce from the Defendant, or if a divorce is granted, that the grounds be for the adultery or cruelty of Plaintiff upon Defendant as alleged in the Counterclaim;

15. The court determine the extent and nature of the property of the parties, and equitably divide the parties' community property and community debt, if any, and award to plaintiff a greater share based on the equities of the evidence presented at trial and as alleged herein;

16. Defendant should be restored to her maiden name, to wit: "OXANA ANATOLEVNA GALKINA;"

17. Defendant should be awarded spousal support from Plaintiff according to proof at time of trial;

18. Defendant should be awarded her costs of suit;

---

DAVID GEORGE BANES vs. OXANA GALKINA BANES
**Answer to Petition For Divorce and Counterclaim for Divorce.** Page 3

19. The court order to Defendant's benefit any and all such other and further relief as the Court may deem just and proper upon determining the merits of this matter which relief is not specifically requested herein.

DATED: this 22 day of October 2011.

**OXANA GALKINA BANES**
Pro Se

## COUNTERCLAIM

COMES NOW Defendant/Counterclaim-Plaintiff OXANA GALKINA BANES Pro Se (hereinafter referred to as "Counter-Plaintiff") against Counterclaim-Defendant DAVID GEORGE BANES (hereinafter referred to as "Counter-Defendant") as Counter-Plaintiff has not been able to find an Attorney in the CNMI willing to assist Counter-Plaintiff with her case and here allege as follows:

1. If the court has jurisdiction, then Counter-Plaintiff asserts all the facts as answered and affirmatively asserted in the ANSWER previously set forth above. Counter-Plaintiff asks the court to allow Counter-Plaintiff leave to amend Counter-Plaintiff's counterclaim once Counter-Plaintiff has been able to obtain the assistance of a lawyer.

2. If a divorce is granted, a divorce should be granted to Counter-Plaintiff based on the misconduct of Counter-Defendant engaging in adultery and treating Counter-Plaintiff with cruelty;

WHEREFORE, Counter-Plaintiff prays to this honorable court for the following relief:

3. Counter-Plaintiff be granted a divorce from Counter-Defendant on the grounds of adultery or cruelty committed upon Counter-Plaintiff by Counter-Defendant;

4. The court should determine the extent and nature of the property of the parties, and equitably divide the parties' community property and community debt, if any, and award to Counter-Plaintiff a greater share based on the equities of the evidence presented at trial and as alleged herein;

5. Counter-Plaintiff should be allowed to return to her maiden name, to wit: "OXANA ANATOLEVNA GALKINA;"

6. Counter-Plaintiff should be awarded spousal support from Counter-Defendant according to proof at time of trial;

7. Counter-Plaintiff should be awarded her costs of suit;

8. The court order to Defendant's benefit any and all such other and further relief as the Court may deem just and proper upon determining the merits of this matter which relief is not specifically requested herein.

DATED: this 26 day of October 2011.

OXANA GALKINA BANES
Pro Se