IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| DAVID GEORGE BANES,<br><br>         Plaintiff,<br>v.<br><br>OXANA GALKINA BANES,<br><br>         Defendant. | Case 1:12-CV-00011<br><br>**OPINION AND ORDER<br>GRANTING MOTION FOR REMAND** |

## I. INTRODUCTION

On June 9, 2011, Plaintiff David George Banes ("David") filed a divorce action against Oxana Galkina Banes ("Oxana") in the Commonwealth of the Northern Mariana Islands (CNMI) Superior Court. (ECF No. 2-2) Almost a year later, Oxana filed a notice of removal of this divorce action to the District Court. (ECF No. 1.) Presently before the Court is Plaintiff's Motion for Remand (ECF No. 2.) For the following reasons, the motion is GRANTED.

## II. BACKGROUND

In his petition for divorce filed in the CNMI Superior Court, David alleges that he and Oxana were married on Saipan on March 27, 2003. (ECF No. 2-2, Ex. A to David Decl., "Petition for Divorce".) David and Oxana have no children from the marriage and they separated in March of

1

2008 due to irreconcilable differences.  (*Id.*)  Both are U.S. citizens, although David is a resident of the CNMI and Oxana is a resident of Guam.  David did not ask for any monetary compensation in the petition, and claims that there are no marital assets or obligations.  (*Id.*)  Oxana was served with the petition on June 14, 2011.  (ECF No. 2-3, Ex. B.)

Four months later, on October 24, 2011, Oxana filed an answer and counterclaim to the petition for divorce.  (ECF No. 2-4, Ex. C of David Decl., "Answer to Petition for Divorce and Counterclaim for Divorce").  Oxana admitted that she is a resident of Guam and David is a resident of the CNMI.  (*Id.*)  Oxana disputed the reason for the divorce and further makes a counterclaim for breach of their prenuptial agreement.  (*Id.*)  She requests that the court determine the extent and nature of the community property of the parties, and award her a greater share based on the equities of the evidence to be presented at trial as well as spousal support.  (*Id.*)

On January 3, 2012, the CNMI Superior Court granted a dissolution of the marriage based on the ground of irreconcilable differences.  (ECF No. 4-1, "Order Granting Petitioner's Motion for Judgment on the Pleadings".)  With respect to the remaining issues, a trial in the CNMI Superior Court is scheduled for June 19, 2012.  (ECF No. 2-5, Ex. D.)

Meanwhile, Oxana filed a separate divorce action against David in Guam, which is currently without a trial date.  (ECF No. 2-1, David Decl.)  Oxana also filed a notice of removal of the CNMI action to the District Court on June 1, 2012.  (ECF No. 1.)  David moves this Court for a remand of the case to the Superior Court so that trial may proceed.  (ECF No. 2, Motion for Remand.)  Oxana filed her opposition to the motion for remand (ECF No. 4), and David filed his reply to the opposition.  (ECF No. 7).  The parties have stipulated that this Court may issue a decision based on the pleadings submitted on this matter.  (ECF No. 9).

### III. STANDARDS

Plaintiffs seeking to test the propriety of removal must file a motion in federal court, asking that the case be remanded to the state court where plaintiffs originally sued. *See Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). The removal statute is strictly construed, with any doubts resolved in favor of remand. *Id.* (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). A federal court must remand a case to state court if it finds that there is no subject matter jurisdiction. 28 U.S.C. § 1447(c). The removing defendant bears the burden of establishing that removal is proper. *See Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009).

### IV. DISCUSSION

**A. SUBJECT MATTER JURISDICTION**

**1. Federal Question Jurisdiction Under 28 U.S.C. § 1331**

As an initial matter, in the Notice for Removal as well as Opposition to Motion for Remand, Oxana alleges, as a basis for removal, that this Court has subject matter jurisdiction based on 28 U.S.C. § 1331 (federal question jurisdiction). (*See* Notice of Removal, ECF No. 1 at 1.) A claim "arises under" federal law, if based on the "well-pleaded complaint," the plaintiff alleges a federal claim for relief. *Vaden v. Discovery Bank*, 556 U.S. 49, 58 (2009). The pleadings in this case do not allege any claim "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The underlying Petition for Divorce and Defendant's Answer and Counterclaim include factual allegations related to divorce and breach of the prenuptial agreement, issues that are traditionally governed by state law and do not raise federal statutory or constitutional questions.

Accordingly, Oxana's citation to 28 U.S.C. § 1331 is incorrect. This Court concludes that it does not have subject matter jurisdiction based on a federal question.

### 2. Diversity Jurisdiction Under 28 U.S.C. § 1332

Removal based on diversity requires that the parties be of diverse state citizenship and that the amount in controversy exceed $75,000. 28 U.S.C. § 1332. Here, although the notice of removal alleges that the matter in controversy exceeds the value of $75,000 and the parties are citizens of different states– Oxana resides in Guam and David resides in the CNMI, this matter falls under the domestic relations exception, which divests this Court of jurisdiction based on diversity pursuant to 28 U.S.C. § 1332.

#### a. *Domestic Relations Exception to Diversity Jurisdiction*

When the relief sought relates primarily to domestic relations, i.e. relations between husband and wife or parent and child, a doctrine referred to as the domestic relations exception divests federal courts of jurisdiction. *See Ankenbrandt v. Richards,* 504 U.S. 689, 695 (1992); *see also Barber v. Barber,* 62 U.S. 582, 584 (1859). In affirming the doctrine, the Supreme Court concluded that, "a domestic relation exception exists as a matter of statutory construction" based on Congress' acceptance of the construction of the diversity jurisdiction provisions in the years prior to 1948, and its "adoption of the interpretation" when it reenacted the diversity statute in 1948. *Ankenbrandt,* 504 U.S. at 700. The domestic relations exception divests the federal courts of power to issue divorce, alimony, and child custody decrees. *Ankenbrandt,* at 703. The exception only applies to diversity jurisdiction under 28 U.S.C. § 1332, and not the federal question jurisdiction under 28 U.S.C. §

1331.  *Atwood v. Fort Peck Tribal Court Assiniboine & Sioux Tribes*, 513 F.3d 943, 947 (9th Cir. 2008).

Here, the underlying case is a petition for divorce where the primary dispute at issue is related to family law.  However, this case also involves an allegation of a breach of a prenuptial agreement with a request for a decree regarding the division of marital property and alimony.  The Seventh Circuit has held that "the penumbra of the exception consists of ancillary proceedings, such as suit for the collection of unpaid alimony, that state law would require be litigated as a tail to the original domestic relations proceedings." *Friedlander v. Friedlander,* 149 F.3d 739 (7th Cir. 1998).  Court determinations regarding a prenuptial agreement is one of those ancillary proceedings that would naturally be litigated side by side with or as the tail to the divorce proceeding.

In *Cassens v. Cassens,* the district court in the Southern District of Illinois granted plaintiff's motion for remand after finding that plaintiff's claims against her husband regarding their prenuptial agreement fell within the domestic relations exception to federal diversity jurisdiction.  *Cassens v. Cassens,* 430 F. Supp. 2d 830, 832 (S.D. Ill. 2006).  This Court agrees that the "test of whether claims come within the core of the domestic relations exception to diversity jurisdiction is whether they involve distinctive forms of relief *associated* with the domestic relations jurisdiction." *Id.* at 836 (emphasis added).

In this case, not only are Oxana's claims against David expressly denominated as a request for a federal decree for divorce and alimony, it is clear that the claims are of the nature of a request for a decree regarding the division of marital property.  Oxana seeks judicial determinations regarding the scope of her interest in the community property from her marriage with David based on the alleged breach of the prenuptial agreement.  To adjudicate her claims, the Court would need

to make findings regarding her rights in marital property in the divorce proceeding.  Therefore, this case involves distinctive forms of relief associated with the Commonwealth court's domestic relations jurisdiction so as to fall within the core of the matters excluded from diversity jurisdiction by the domestic relations exception.

### b. *Effect of Grant of Dissolution of Marriage*

Oxana argues that because the Superior Court has granted the dissolution of the marriage (ECF No. 4-1), this is no longer a divorce proceeding.  (Opp'n at 1.)   She contends that the only remaining claim is a breach of contract claim, thus the domestic relations exception does not apply and the Court may properly exercise jurisdiction over the claim.  (Opp'n at 3, 4.)

Oxana cites to a Ninth Circuit case for the contention that domestic relations exception to the jurisdictional grant is narrow, the "rationale being that those actions are close to the historical concept of an ecclesiastical action and peculiarly within the province of the state courts." *McIntrye v. McIntrye,* 771 F.2d 1316, 1317 (9th Cir. 1985).

In *McIntrye,* the former husband brought action against his former wife and former in-laws, for allegedly preventing him from exercising his visitation and parental rights with his minor daughter that were ordered by state court. *Id.* at 1317.  There was no pending action in the state court.   The Ninth Circuit found that the federal court did have jurisdiction of a tort action between former spouses involving allegations of interference with the noncustodial father's visitation rights with his minor daughter. *Id.*  The court's reasoning was that 1) the husband based his action on a claim of intentional tortious interference that did not implicate questions of spousal or parental status, 2) the validity or scope of the state court's domestic relations judgment was not in question,

6

and 3) the claim stated fell within neither a status nor a coercive relief category of domestic relations issues. *Id.* at 1318.

Unlike *McIntrye,* this case is not one that merely partakes in some intra-family aspect. The remaining claim, which is still pending in state court, has to do with the establishment of rights and entitlement to marital assets as a result of the marital dissolution. The prenuptial agreement itself arises out of the marriage relationship of David and Oxana. Determination of marital assets based on this prenuptial agreement necessarily falls within the relief category of domestic relations issues. Furthermore, if Oxana is successful in her claim of breach of the prenuptial agreement against David, the issue of alimony, which is expressly included in the exception, may be raised.

Accordingly, this Court concludes that the remaining issues fall within the domestic relations exception of diversity jurisdiction and there is no other basis for federal subject matter jurisdiction.

### B. TIMELINESS OF REMOVAL

As a second reason for his Motion to Remand, David argues that the Notice of Removal was untimely pursuant to 28 U.S.C. § 1446. (Mot. at 4–6.) As a general rule "[a] defendant seeking to remove from state to federal court must file a notice of removal within thirty days of receiving a copy of the initial pleading." *Destfino v. Reiswig*, 630 F.3d 952, 954 (9th Cir. 2011) (citing 28 U.S.C. § 1446(b)). The issue of timeliness of the removal proceeding is moot because jurisdiction is divested based on the domestic relations exception.

/

//

## V. CONCLUSION

For the foregoing reasons, the Motion for Remand (ECF No. 2) is GRANTED. Pursuant to 28 U.S.C. § 1447(c), this action is REMANDED to the Superior Court of the Commonwealth of the Northern Mariana Islands, for lack of subject matter jurisdiction.

**SO ORDERED** on June 18, 2012.

_____
RAMONA V. MANGLONA, Chief Judge